**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Mona Amini, Esq. (296829)
mona@kazlg.com
Veronica Cruz, Esq. (318648)
veronica@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

**HYDE & SWIGART**
Joshua Swigart, Esq. (225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (306499)
yana@westcoastlitigation.com
2221 Camino Del Rio South, Ste 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile:  (619) 297-1022

**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay, Esq. (250548)
danielshay@tcpafdcpa.com
409 Camino Del Rio South, Ste 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile:  (866) 431-3292

*Attorneys for Plaintiff,*
Adrian Chavez

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ADRIAN CHAVEZ, Individually and On Behalf of All Others Similarly Situated,**<br><br>Plaintiff,<br><br>v.<br><br>**SYSTEMS & SERVICES TECHNOLOGIES, INC.,**<br><br>Defendant. | Case No.: **'18CV0446 BAS AGS**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Plaintiff ADRIAN CHAVEZ ("Plaintiff"), through Plaintiff's attorneys, brings this lawsuit to challenge the actions of Defendant SYSTEMS & SERVICES TECHNOLOGIES, INC. ("Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, causing Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

6. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

7. Plaintiff brings this case as a class action lawsuit seeking damages for himself and all others similarly situated.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k,

9. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA")

10. Defendant regularly and continuously conducts business within this district. Thus, personal jurisdiction is established.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in this district; and (ii) Defendant transacts business within this district; and (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant:

   (a) is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district;

   (b) does substantial business within this district;

   (c) is subject to personal jurisdiction in this district because it has availed itself of the laws and markets within this district; and

   (d) the harm to Plaintiff occurred within this district.

## PARTIES AND DEFINITIONS

12. Plaintiff, at all times herein, is and was a resident of the County of San Diego and the State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. In addition, Plaintiff is a "debtor" as that term is defined by California Civil Code § 1788.2(h) and a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

13. Defendant is, and at all times mentioned herein was, a Delaware corporation.

14. At all times relevant herein Defendant conducted business in the State of California and in the County of San Diego.

15. Defendant uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that phrase is defined by 15 U.S.C. § 1692a(6).

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by California Civil Code § 1788.2(f) and a "debt" as those terms are defined by 15 U.S.C. §1692a(5).

## FACTUAL ALLEGATIONS

17. At all times relevant, Plaintiff is and was an individual residing in the County of San Diego, within the State of California.

18. Upon information and belief, at all times relevant, Defendant conducted business in the State of California.

19. Sometime prior to April of 2017, Plaintiff allegedly incurred a debt to an original creditor, BorrowersFirst, Inc. ("BorrowersFirst"). Afterwards, the alleged debt was assigned, placed, or otherwise transferred to Defendant for collection.

20. These alleged financial obligations were money, property, or their equivalent, for personal, family, or household purposes, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt[s]" as that term is defined by 15 U.S.C. §1692a(5).

///
///

21. Around May of 2017, Plaintiff allegedly fell behind on the payments owed on the alleged debt. Plaintiff currently takes no position as to whether this alleged debt was actually owed as it is irrelevant to this action.

22. On October 2, 2017, Defendant sent Plaintiff letter informing Plaintiff that Plaintiff's alleged debt had been transferred from BorrowersFirst to Defendant. This was the first communication from Defendant to Plaintiff.

23. On October 7, 2017, Defendant sent Plaintiff a letter demanding payment of the alleged debt.

24. These letters regarding the alleged debt were "communications" as defined by 15 U.S.C. § 1692a(2).

25. On October 6, 2017, Defendant called Plaintiff from (866) 826-8679 and left a voicemail that did not include the required disclaimers.

26. Defendant's initial written communication and the subsequent communications failed to inform Plaintiff that unless Plaintiff, within thirty (30) days after receipt of the notice of the debt, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by Defendant.

27. Defendant also failed to inform Plaintiff that Plaintiff had thirty (30) days to dispute the validity of the debt, at which point Defendant would have to obtain verification of the debt.

28. Consequently, Defendant violated 15 U.S.C. § 1692g(a)(3), by failing to include a statement that unless the consumer disputes the validity of the debt, or any portion thereof, within thirty (30) days after receipt of the notice, the debt will be assumed to be valid by the debt collector.

29. Through the same initial written communication, Defendant violated 15 U.S.C. § 1692g(a)(4) by failing inform Plaintiff – within 5 days after the initial communication or within the initial communication – of Plaintiff's right to dispute the debt in writing within thirty (30) days of receipt of the initial letter, and Plaintiff's right to obtain a verification of the debt.

30. In addition, Defendant violated 1692g(a)(5) by failing to notify the consumer that, upon the consumer's written request within the thirty (30) day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

31. The § 1692g requirement is one of the most important requirements under the FDCPA, and the debtor's right to dispute the debt must not be overshadowed or inconsistent with other debt collection activities within the statutory thirty (30) day period to avoid confusing the least sophisticated debtors as to the debtor's validation rights.

32. The 1692g notice must be large and prominent enough to be noticed and easily read. *See Riveria v. MAB Collections, Inc.* 682 F.Supp. 174, 177 (W.D.N.Y. 1988).

33. A debt collector's activities may not contradict the rights under the 1692g notice in any way. *See Swanson v. Southern Oregon Credit Service, Inc.*, 869 F. 2d 1222 (9th Cir. 1988).

34. In addition, when Defendant called Plaintiff on October 6, 2017 attempting to collect an alleged debt and failed to provide Plaintiff with the required "mini-Miranda" warning, it was a violation of 15 U.S.C. § 1692e(11).

35. Under 15 U.S.C. § 1692e(11), a debt collector is required to inform a consumer in the initial communication with the consumer that "this communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose." This disclosure is commonly known as the "Mini-Miranda."

36. Through the above conduct, Defendant also violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt.

37. Through the above conduct, Defendant also violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of any alleged debt.

38. Through the above conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

39. Through the above conduct, Defendant violated 15 U.S.C. § 1692e(11) by failing to provide the "Mini-Miranda."

40. Through the above conduct, Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt.

41. As a result of Defendant's unfair, oppressive, and abusive conduct in connection with Defendant's debt collection activities, Plaintiff has suffered mental anguish by way of embarrassment, shame, anxiety, fear, and feelings of despair.

## CLASS ACTION ALLEGATIONS

42. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the following proposed classes (the "Classes").

43. Plaintiff represents, and is a member of **Class A**, consisting of:

    All persons within the United States who received an initial correspondence from Defendant or its agent/s and or employee/s, that is identical or substantially similar to the October 2, 2017 correspondence Plaintiff received from Defendant, within the one year prior to the filing of this Complaint.

44. Plaintiff represents, and is a member of **Class B**, consisting of:

    All persons within the United States who received any telephonic communication from Defendant or its agent/s and/or employee/s, during which Defendant failed to disclose that Defendant was attempting to collect a debt and that any information obtained will be used for that purpose.

45. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in each class, but believes the class members number in the thousands, if not more. Accordingly, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

46. Plaintiff and members of the Classes were harmed by the acts of Defendant in at least the following ways: (a) Defendant, either directly or through its agents, violated the FDCPA by not including a statement – within the initial communication or within 5 days of the initial communication – that, if within thirty (30) days of receiving the notice of the debt, the consumer disputes the debt in writing, the collector will obtain verification of the debt; (b) Defendant, either directly or through its agents, failed to include a statement within the initial communication or within 5 days of the initial communication that if the consumer notifies the Defendant in writing within the thirty (30) day period that the debt, or any portion thereof, is disputed, the Defendant will obtain verification of the debt; and (c) Defendant, either directly or through its agents, failed to provide Plaintiff and the class members the required "mini-Miranda" during telephonic communications. Plaintiff and the class members were damaged thereby.

47. This suit seeks damages and injunctive relief for recovery of economic injury on behalf of the Classes, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Classes definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

48. **Numerosity**. The joinder of the class members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the court. The Classes can be identified through Defendant's records or Defendant's agents' records.

49. **Existence and Predominance of Common Questions of Law and Fact**. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Classes predominate over questions which may affect individual class members, including the following:

   a. Whether Defendant violated the FDCPA by not including a statement – within the initial communication or within 5 days of the initial communication – that if the consumer notifies the debt collector in writing within the thirty (30) day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt;

   b. Whether Defendant violated the FDCPA by failing to provide Plaintiff the required "mini-Miranda" warning during telephonic communications;

   c. Whether members of the Classes are entitled to the remedies under the FDCPA;

   d. Whether members of the Classes are entitled to declaratory relief;

   e. Whether members of the Classes are entitled to injunctive relief; and

   f. Whether members of the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA.

50. **Typicality**. Plaintiff is asserting claims that are typical of the Classes. Plaintiff and the members of the Classes have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action, the Classes will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual class member's claims, few, if any, class members could afford to seek legal redress for the wrongs complained of herein

51. **Adequacy of Representation**. Plaintiff will fairly and adequately represent and protect the interests of other members of the Classes in that Plaintiff has no interests antagonistic to any member of the class. Further, Plaintiff has retained counsel experienced in handling class action lawsuits involving violations of the Fair Debt Collections Practices Act.

52. **Superiority**. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

53. Defendant has acted on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the class as a whole.

## CAUSE OF ACTION
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §§ 1692, ET SEQ. (FDCPA)

54. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of this Complaint as though fully stated herein.

55. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, 15 U.S.C. §§ 1692, et seq., including but not limited to each and every one of the above-cited provisions of the FDCPA.

56. Based on the foregoing, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendant, and Plaintiff and the Class be awarded damages from Defendant, as follows:

- An award of statutory damages of $1,000.00, for Plaintiff and each member of the Class, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant;
- An award of costs of litigation and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant; and
- Any and all other relief that this Court deems just and proper.

**TRIAL BY JURY**

57. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: February 28, 2018         Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:     *s/ Abbas Kazerounian*
        ABBAS KAZEROUNIAN, ESQ.
        AK@KAZLG.COM
        ATTORNEYS FOR PLAINTIFF